UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

*(Original)*

------------------------------------------------------X

IN RE:

**CASE NO.: 01-14794**

**SPENCER MEIROWITZ**

------------------------------------------------------X

## Designation of Items to be included in the Record
## on Appeal
## and Statement of Issues on Appeal

Pursuant to Bankruptcy Rule 8006, appellant Spencer Meirowitz (pro se) hereby

designates the following items to be included in the record on the appeal and sets forth as

follows a statement of the issues to be presented on appeal of the above referenced case

from the order of the United States bankruptcy Court for the Southern District of New

York, Honorable Judge Gerber, dated June 12, 2008:

FILED
U.S. BANKRUPTCY COURT
S.D.N.Y.
2008 JUN 30 A 11: 22

### Designation of Contents of Record

**Document # 15** Motion to Reopen Chapter 7 Case filed by Spencer Meirowitz;

**Exhibit 1** is of the **Department of Housing and  Community Renewal PAR** which

states that the rent in question was "paid" while the landlord was a debtor to me for

$5,200 and refused to provide a lease for the entire occupancy, starting in 1995.

**Exhibit 5** Specifically paragraph 2:7 of the **General Obligation *Law § 5-703 Statute of Frauds,*** that states that an oral lease for one year or more is unenforceable. This shows that the landlord may not make a monetary or possessory claim in Landlord - Tenant Court because no lease exist.

**Exhibit 7** DECISION/ORDER of the Hon. Judge Schneider  essentially stating that the landlord must prove a lease in order to move **In Rem** and/or make a rent claim.

**Document #16** Response to related document (s) # filed by Spencer Meirowitz.

**Exhibit 4** of the New York State Pattern Jury Instructions Supplement defining what "rent owed" and "non-payment" of rent entails, namely, a written lease with a rental agreement (rent is owed, and the consequences for a non-payment).

## Statement of Issues To Be Presented On Appeal

The first issue before this Court is who determines if a person actually owes money to an individual or entity listed on a Bankruptcy petition.  In the instant proceeding, the pre-petition rent was deemed "paid" by the **Department of Housing and Community Renewal's PAR.** This was known to me after the Bankruptcy was filed.

The second issue before this Court is whether or not  **In Re Dabrowski** specifically bars the landlord from seeking both a monetary gain and an **In Rem** possession of the rented apartment when a prior unchallenged **Department of Housing and Community**

2

**Renewal (DHCR)** stated that I "paid" the rent in question. The DHCR went on to state that the landlord "refused" to provide me with a lease since the commencement of my occupancy and that the landlord was actually a debtor to me at the time of the discharge.

The **Department of Housing and Community Renewal** is the same governmental agency that **In Re Dabrowski** stated has res judicata and a collateral estoppel effect over the matter. It is the same governmental agency which was used in **In Re Dabrowski** as the determiner of the facts of the case. These facts were as follows: That 1) Mr. Dabrowski owed Mrs. Dulac $49,000; 2) that Mr. Dabrowski was a rent stabilized tenant and that 3) Mr. Dabrowski had a valid lease.

**In Re Dabrowski** specifies that in order to commence a non-payment of rent, moving **In Rem,** in New York City Housing Court, after a discharge in Bankruptcy, the following must exist:

1) A non payment of rent must first occur.

2) A valid written lease must be in place between the landlord and tenant. This lease must contain two clauses. These two clauses are as follows.

A) An agreement requiring the tenant to pay rent. And

B) an agreement that states that if the agreement to pay rent is breached then the tenant will vacate the apartment or face eviction.

It is this agreement that secures the landlords right to the apartment in the event of a non-payment of rent. It is this clause, and this clause alone, that allows the landlord to move **In Rem** in the event of a non-payment of rent followed by a discharge in Bankruptcy.

3) That **In Re Dabrowski** will not interfere with the interpretation or application of any and all applicable Landlord and Tenant Laws.

This is not only my interpretation, but also that of two L&T Court Judge's (Judge Schneider and Judge Milan). This can be seen in Document # 15 Exhibit 7.

Absent this criteria, specified in In Re Dabrowski, the landlord has no recourse whatsoever against the discharged tenant.

The third issue is whether or not **In Re Dabrowski (absent a lease)** negates the existing laws governing the landlord tenant relationship. For example, it is clear that the following laws have not been enforced in this case because of the miscomprehension of **In Re Dabrowski. They are as follows:**

1) That the pre-petition determinations of the **Department of Housing and Community Renewal (DHCR)**, the same organization that deemed that Mr. Dabrowski owed his landlord $49,000 and had a valid lease, should be survive and be enforced regardless of a

4

discharge in Bankruptcy. As was done in In Re Dabrowski.

2)  Despite my affirmative defenses of six-year statute of limitation, no lease and stale rent  the Landlord and Tenant Court went back almost ten years (to 1995) and  required me to pay rent that was deemed "paid."

3) **General Obligation *Law § 5-703 Statute of Frauds, that  states that an oral lease for one year or more is unenforceable.***

4) My right to res judicata on the DHCR's PAR.  This Court (as well as the L&T Court) afforded Mr. Dabrowski that entitlement. However, in the instant proceeding, the L&T Court failed to uphold the DHCR findings that the pre-petition rent was deemed "paid," that the landlord was a debtor to me and that the landlord "refused" to provide me a lease since the commencement of my occupancy.

   The last issue before this Court is, does a discharge in Bankruptcy (of pre-petition rent that this Court Discharged, the DHCR deemed "paid" and the landlord has no legal entitlement to because no lease exist) be transferred to a new entity and re-affirmed as owed  because, and only because, of **In Re Dabrowski.**

### The Facts of the Case

   The relevant facts of the case, as determined by the **DHCR,** the same governmental

agency that had ruled as res judicata in **In Re Dabrowski**, and was also used by the Hon. Judge Gerber as the sole source of facts of the case are as follows ( **Doc 15 Exhibit 1).**

1) That the rent in question, which eventually became the pre-petition rent, was deemed to have been "paid." Compare this to the DHCR's determination that Mr. Dabrowski owed the landlord $49,000.

2) That the landlord refused to provide me a lease. Compare this to the DHCR's determination of Mr. Dabrowski determination that he had a valid lease.

3) That the landlord was a debtor to me at the time of the file of the petition of Bankruptcy. Common sense dictates that one cannot be a debtor and a creditor to the same person at the same time.

Pursuant to **In Re Dabrowski** it is clear that the rent landlord was not entitled to collect any pre-bankruptcy petition rent because 1) it was deemed "paid" by an unchallenged **DHCR PAR** 2) There was no lease between the parties entailing the landlord to collect back rent and/or move **In Rem** for the apartment after the Bankruptcy; and 3) the landlord was a debtor to the tenant at the time of the discharge and it is a contradiction in practice and in terms to be both a debtor and a creditor at the dame time to the same person.

**Conclusion,** the monies received by Betty Weg, were deemed discharged by the

Bankruptcy Court and deemed "paid," by the DHCR.  And because no lease existed

between the parties, there was no lease clause stating that a non-payment of rent would

result in vacating the apartment. Therefore, absent this lease clause, there was nothing in

writing (nor the statutes) allowing the landlord to move **In Rem** three and -a-half years

after the discharge in rent.

Date: June  30, 2008

Spencer Meirowitz
428 East 66th Street
Apartment B
New York, New York 10065-6975
(212)396-4054